Elayna J. Youchah, Bar #5837
youchahe@jacksonlewis.com
Kristofer D. Leavitt, Bar #13173
kristofer.leavitt@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Golden Gate Casino, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA GILLILAND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN GATE CASINO, LLC, a Nevada limited liability company; DOES 1 through 10 inclusive; ROES CORPORATIONS ENTITIES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:16-cv-01956-JAD-VCF<br><br>**DEFENDANT'S REQUEST FOR EXCEPTION FROM ATTENDANCE AT EARLY NEUTRAL EVALUATION SESSION** |

Defendant Golden Gate Casino, LLC ("Defendant"), by and through its counsel of record, Jackson Lewis P.C., respectfully requests an exception to the Early Neutral Evaluation ("ENE") Session attendance requirements.

Specifically Defendant requests that Defendant's insurer, AIG, be excused from attending the ENE in person and, instead, be allowed to attend telephonically. Defendant's insurance policy includes a self-insured retention of $100,000.00, which means Defendant is responsible for its legal fees and the costs of settlement up to $100,000.00 before its insurance policy becomes effective. Consequently, Defendant, not its insurance carrier, will be the primary decision maker at the ENE in regards to any settlement reached with Ms. Gilliland. Additionally, the representative for AIG is located in New York and would be required to incur significant time and expense to travel to the ENE, which would deplete funds that could otherwise be available for a settlement with Ms. Gilliland. For an AIG representative to attend the ENE, it would require a

three day commitment, including travel on the days before and after the ENE as well as a full day of attendance at the ENE itself. Requiring Defendant to expend these funds, especially in light of its self-insured retainer, would be unnecessary and unreasonable. Finally, given AIG's minimal participation, attendance *via* telephone will not adversely affect the ENE. A representative for Defendant, as well as Defendant's counsel, will be present and will have authority to negotiate a settlement on Defendant's behalf. In the unlikely event a negotiated settlement exceeds Defendant's self-insured retention limit, a representative for AIG will be available telephonically to discuss and approve any proposed settlement.

In sum, a representative from Defendant and its counsel will be present at the ENE and will have authority to bind Defendant if the parties are able to reach a settlement. Requiring a representative from Defendant's insurance carrier to be present would cause Defendant to unnecessarily expend funds to include a third-party whose participation will only be beneficial in the unlikely event a settlement exceeds Defendant's $100,000.00 self-insured retainer. For these reasons, Defendant respectfully requests Defendant's carrier be excused from in person attendance, and to the extent necessary be allowed to attend the ENE currently scheduled for November 9, 2016, at 9:30 am, telephonically as needed.

Dated this 12th day of September, 2016.

JACKSON LEWIS P.C.

/s/ Elayna J. Youchah
Elayna J. Youchah, Bar # 5837
Kristofer D. Leavitt, Bar #13173
3800 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada 89169

*Attorneys for Defendant
Golden Gate Casino, LLC*

Defendant's carrier is excused from appearing personally at the ENE, but shall be available by telephone for the duration of the ENE.

**ORDER**

IT IS SO ORDERED September 13, 2016.

_____
United States Magistrate Judge

Jackson Lewis P.C.
Las Vegas

2